**BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Plaintiffs,**

**v.**

**NEW JERSEY TRANSIT RAIL OPERATIONS, INC., and Consolidated Rail Corporation, Defendants.**

**No. 84 Civ. 7104–CLB.**

United States District Court, S.D. New York.

Oct. 10, 1985.

Harold A. Ross, Ross & Kraushaar Co., L.P.A., Cleveland, Ohio, Sidney Fox, Shapiro, Shiff, Beilly, Rosenberg & Fox, New York City, for plaintiffs.

David S. Fortney, Morgan, Lewis & Bockius, New York City, for Consolidated Rail Corp.

Irwin I. Kimmelman, Atty. Gen. of New Jersey by Barbara Murphy-Warrington, Deputy Atty. Gen., Trenton, N.J., for New Jersey Transit Rail Operations, Inc.

MEMORANDUM AND ORDER

BRIEANT, District Judge.

Familiarity of the reader is assumed with respect to this Court's prior opinion herein, issued May 14, 1985 and reported at 608 F.Supp. 1216 (S.D.N.Y.1985). The Court there held that the Eleventh Amendment to the United States Constitution was not a bar to a Railway Labor Act suit in federal court against a state-owned rail carrier, which was found to be the alter ego of the state for Eleventh Amendment purposes.

Thereafter, on June 28, 1985, the Supreme Court of the United States decided *Atascadero State Hospital v. Scanlon*, —— U.S. ——, 105 S.Ct. 3142, 87 L.Ed.2d 171, discussed below. Thereupon, the Attorney General of the State of New Jersey renewed the prior motion to dismiss by New Jersey Transit Rail Operations, Inc. ("NJTRO") in light of *Atascadero*.

In its prior opinion this Court relied essentially on *Parden v. Terminal Railway*, 377 U.S. 194, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964), which had been distinguished but not disapproved in the Supreme Court's subsequent decision in *Employees v. Missouri Public Health and Welfare Dept.*, 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). This Court also relied upon the failure of the Supreme Court to comment upon the Eleventh Amendment issue which was so obviously present in *United Transportation Union v. Long Island R. Co.*, 455 U.S. 678, 102 S.Ct. 1349, 71 L.Ed.2d 547 (1982), when that Court decided that the Tenth Amendment does not render a state-owned railroad engaged in interstate commerce immune from the provisions of the Railway Labor Act. In our prior opinion we noted that the *Long Island* appeal was taken from a ruling by a lower *federal* court, and the Supreme Court remanded the case to a *federal* court of appeals. This would have been so much useless exercise if the Supreme Court perceived that there was a want of subject matter jurisdiction because of the Eleventh Amendment.

The decision in *Atascadero*, issued with four Justices dissenting, suggests that the case at bar presents a closer issue. In *Atascadero* the Supreme Court held that the Eleventh Amendment barred an action for damages and injunctive relief against a state hospital for violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794. In so holding the Court went on to say that:

"the Rehabilitation Act does not evince an unmistakable congressional purpose, pursuant to § 5 of the Fourteenth Amendment, to subject unconsenting States to the jurisdiction of the federal courts." —— U.S. at ——, 105 S.Ct. at 3150.

New Jersey Transit would have this Court construe *Atascadero* broadly to bar from federal court all private actions against states engaged in federally regulated commercial activities, unless Congress had expressly abrogated the States' protective immunity for those activities by some clear statement in the statute. This Court, however, declines to extend *Atascadero* beyond the Fourteenth Amendment issue to which it was addressed.

The statute under analysis here, the Railway Labor Act, was enacted by Congress in exercise of its plenary powers under the Commerce Clause. *Atascadero*, in contrast, concerned a statute enacted in furtherance of equal protection, as authorized by the Fourteenth Amendment. In applying its clear statement rule to the Rehabilitation Act, the majority opinion in *Atascadero* did not mention the Commerce Clause or question the special treatment historically accorded the railroad business in Eleventh Amendment contexts. *See Employees v. Missouri Public Health and Welfare Dept.*, 411 U.S. at 284, 93 S.Ct. at 1617. The majority's only reference to *Parden*, *Atascadero*, —— U.S. at ——, n. 31, 105 S.Ct. at 3167, n. 31, touches another issue. Not even the dissent considered *Parden* to be threatened by the *Atascadero* holding, citing *Parden* only by analogy when discussing the genesis of the clear statement rule. *Atascadero*, —— U.S. at ——, n. 7, 105 S.Ct. at 3154, n. 7 (Brennan, J., dissenting).

Under the broad language of the Supreme Court majority in *Atascadero*, *if* we are prepared to assume that the same analysis would apply to legislation by Congress in exercise of its commerce power, and *if* we are prepared to assume that *Parden* has been overruled, although neither issue was ever mentioned by the majority nor in any of the dissenting opinions, we would have to find that the Eleventh Amendment bars this suit. Indeed it would bar the many cases arising under the Safety Appliance Act and the Federal Employers Liabil-

**1458**

ity Act concerning personal injuries suffered by railroad employees on state-owned railroads, including NJTRO, a regular defendant in such cases in our district, as is Metro North Commuter Railroad, its New York counterpart. The same is true of diversity cases for injuries to passengers and property on state-owned railroads.

This Court is not prepared to make that quantum leap based on no more than a literal reading of *Atascadero*. The *Atascadero* dissenters, in their reference to *Parden*, quoted above, did not perceive the majority as having overruled that case. It would denigrate unduly the scholarship and thoughtfulness on the part of the distinguished justices of our highest court if we were to assume that having cited to *Parden* in one instance and seeing the reference to the same case, preceded by *"Cf.",* in the dissenting opinion, they were unaware of their prior cases involving state-owned railroads. It is equally inappropriate in my view, to assume that the many years of federal jurisprudence arising under the Railway Labor Act and the Federal Employers Liability Act concerning state-owned railroads, had been suddenly consigned to the dust bin of history without even saying "goodbye", as NJTRO would now have us find.

This Court regards *Atascadero* as limited to its own facts, and probably inapplicable to cases arising under federal legislation based on the commerce power affecting public and private business entities equally. Although they had ample opportunity to do so, the distinguished justices in the majority overruled neither *Parden*, nor any of the authority relied on in our prior opinion. A fair reading of *Atascadero* suggests only that the dissenters are right but that the majority is determined to stem the litigation explosion in the federal courts as it related to *traditional* state functions of which interstate railroading is not one.

The Court adheres to its prior opinion. The renewed motion to dismiss the complaint is denied.

A status and scheduling conference will be held before this Court on November 25, 1985 at 9:00 A.M. at the United States Courthouse, 101 East Post Road, White Plains, New York.

So Ordered.